WILLIAM P. MARONEY *vs.* THE CITY COUNCIL OF PAWTUCKET.

The charter of the city of Pawtucket, § 7, clause 7, provides that the city council may "remove from office for incapacity or misconduct any officer elected or appointed by them."

Charges of official misconduct having been made against an officer, the city council appointed a committee to hear all parties and report the result of such hearing. Subsequently the committee made a report to the council and the testimony taken by it was read, whereupon the council passed a vote finding the officer guilty and removing him from office. Notice had been given to the officer of the taking of the testimony before the committee, but no notice was given to him of the subsequent proceedings before the council.

*Held*, that as the officer was not notified of the proceedings before the council for his removal from office so that he might be heard on the question of his removal, the proceeding was not such a trial as is contemplated by the charter and must be quashed.

In the absence of any statute modifying the common law procedure on *certiorari*, a report of the testimony before the tribunal below forms no part of the record to be sent up for review.

CERTIORARI.

Charges of misconduct having been made against the petitioner, an assessor of taxes of the city of Pawtucket, the city council on the 13th of February, 1895, appointed a committee "to give a full, fair and impartial hearing to all parties in interest and to report to the city council the results of such hearing." The committee made a report to the city council February 20, 1895, and the testimony taken by the committee was read to the board of aldermen and common council assembled in joint convention. On the same day the city council passed a vote finding the petitioner guilty of misconduct in office and removing him from his office.

The charter of the city of Pawtucket, Pub. Laws R. I. cap. 474, § 7, clause 7, of March 27, 1885, reads as follows:

"The city council may by a concurrent vote of three fifths of the members elected to each board remove from office for incapacity or misconduct any officer elected or appointed by them."

*March* 5, 1895. PER CURIAM. Though notice was given to the petitioner of the taking of the testimony before the committee of the city council appointed for that purpose, the

record does not disclose any notice to him of the proceeding before the council for his removal from office, so that he could .be heard on the question of his removal. Without such opportunity to be heard the proceeding was not such a trial as is contemplated by clause 7 of the charter of Pawtucket. For this reason, we are of the opinion that the proceeding must be quashed.

We have no statute modifying the common law procedure on *certiorari.* At common law, the writ of *certiorari* brings up for review nothing except the record proper of the proceeding, of which the evidence before the tribunal below, strictly speaking, forms no part, and which it is, therefore, under no obligation to send up as a part of the record. *Hannibal & St. Joseph R. R. Co.* v. *State Board of Equalization,* 64 Mo. 294, 308; *People ex relat. Whitney* v. *Board of Delegates of the San Francisco Fire Department,* 14 Cal. 479; *Wilmington Steamship Co.* v. *Haas,* 151 Pa. St. 113. In the present instance, the report of the testimony before the city council has been sent up as a part of the record. While it is not our province to review on *certiorari* findings of fact, it may not be improper for us to suggest, that an examination of the testimony shows that the alleged misconduct of the petitioner related to transactions which occurred prior to his present term of office, and, moreover, that it does not appear by any competent evidence that there was any connection between such alleged misconduct and the action of the petitioner in his office of assessor.

*Charles E. Gorman & Thomas J. McParlin,* for petitioner.

*Thomas P. Barnefield,* City Solicitor of the city of Pawtucket, *contra.*